SOLENBURGER

v.

DUVAL.

(*Supreme Court of Appeals of Virginia, Sept. 28, 1876.*)

Contract for Sale of Land—Deed of Bargain and Sale—Deed of Trust for Purchase Money—Case at Bar.

On the 8th day of May, 1868, Chas. H. Duval entered into a contract under seal for the sale of a tract of land to N. W. Solenburger and one Daniel Herr jointly for the price of $15.00 an acre, the whole purchase price amounting to $2,519.43. In the contract, among other things, the parties agreed that the said Duval would execute and deliver to said Solenburger and Herr a deed with covenants of general warranty of title clear of all incumbrances, by and on the 15th day of March, 1869; and then when said deed was executed, Solenburger and Herr bound themselves to pay down in cash one-third of the purchase money, and execute bond to pay in two years thereafter the balance of the purchase money. On the 16th of April, 1869, Solenburger, the appellant, believing that a satisfactory deed of conveyance had been made to him and Herr paid the one-third of the purchase price and agreed that a deed of trust for the balance should be executed making L. F. Moore trustee, who retained these deeds in his hands and never recorded them. In 1872, the land was sold under the trust deed without taking any account of the debt secured by the deed of trust, and Duval became the purchaser at a very much more reduced price than the price paid for the land on the first sale. Before a deed was made to the said Duval, Solenburger applied for an injunction to prevent a deed being made to Duval which was granted, but subsequently dissolved: *held* :

Same—Same—Same—Recordation.

1. That the deeds of bargain and sale and of trust ought to have been duly recorded.

Same—Sale under Trust Deed—Injunction.

2. That the injunction ought to be perpetuated and the sale which has been made set aside and an account taken to ascertain

the amount of the balance on the debts secured by the deed of
trust, and unless paid when so ascertained, or in a reasonable
time thereafter, the land conveyed by the deed of trust ought to
be sold under a decree of the court for cash after due public
notice, of the time, place and terms of sale, and the proceeds
of the said sale applied to the payment of the expenses thereof
and the balance paid to the persons entitled thereto.

This was an appeal from the circuit court of Frederick
county for the dissolution of an injunction restraining the
sale of land under a trust deed given by Solenburger, the
appellant, for the purchase price of land bought from
Duval, the appellee.

*Richard Parker*, for appellant.

*Barton & Boyd*, for appellee.

MONCURE, P., delivered the opinion of the court.

This court is of opinion that the deeds of bargain and sale
and of trust in the proceedings mentioned ought to have
been duly recorded, and the balance due on account of the
debt secured by the said deed of trust ought to have been
ascertained by a proper settlement for that purpose before
any sale was made by the trustee under the said deed of trust ;
and instead of the injunction heretofore awarded in this cause
being dissolved, it ought to be perpetuated, and the sale
which has been made as aforesaid be set aside, and an account
be taken by a commissioner of the court below to ascertain
the amount of said balance ; and unless it be paid when so
ascertained, or in a reasonable time thereafter to be pre-
scribed by the said court, the land conveyed by the said
deed of trust ought to be sold under the decree and supervi-
sion of the said court for cash, after due public notice, of
the time, place and terms of sale, and the proceeds of said
sale ought to be applied to the payment of expenses thereof

and of the execution of the said trust and the costs of this suit on both sides in the court below ; and then of the balance of principal and interest due on account of the said debt ; and the surplus, if any, of said proceeds of sale, ought to be paid to the person or persons entitled thereto.

The court is therefore of opinion that the said decree appealed from is erroneous ; and it is decreed and ordered that the same be reversed and annulled and that the appellee, Chas. H. Duval, pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here. And it is further decreed and ordered that this cause be recommitted to the court below for further proceedings to be had therein to a final decree, in conformity with the foregoing opinion and decree. Which is ordered to be certified to the said circuit court of the county of Frederick.